

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

August 11, 2004

**BY FIRST-CLASS MAIL**

Charles R. Balliro, Esq.
162 Shore Drive
Winthrop, MA 02152

    Re:  <u>United States v. Gregory F. Tzannos</u>,
           Criminal No. 04-10193-JLT

Dear Mr. Balliro:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant Gregory F. Tzannos ("Tzannos") in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    There are no relevant recorded statements of the defendant Tzannos in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

    The defendant Tzannos did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

    (1) Massachusetts State Police ("MSP") preliminary draft Arrest Report by Trooper Pasquale F. Rusolillo concerning Tzannos's August 28, 2003 arrest;

    (2) MSP preliminary draft Arrest Report by Trooper Timothy E. Foley concerning Tzannos's August 28, 2003 arrest;

    (3) MSP arrest report with booking photo by Trooper Rusolillo; and

    (4) MSP <u>Miranda</u> warnings form noting Tzannos's oral acknowledgment.

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

We have enclosed copies of certain photographs depicting some of these items.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the following documents:

    (1) September 8, 2003 MSP Certificate of Examination an Test Firing concerning New Baker double barrel shotgun, serial #26631;

    (2) September 8, 2003 MSP Certificate of Examination

2

>     an Test Firing concerning Colt Cobra revolver,
>     serial #LW82788;
>
> (3) September 8, 2003 MSP Certificate of Examination
>     an Test Firing concerning Smith & Wesson revolver,
>     serial #6D459930; and
>
> (4) September 8, 2003 MSP Certificate of Examination
>     an Test Firing concerning Raven MP25 semiautomatic
>     pistol, serial #912093.

B.  **Search Materials under Local Rule 116.1(C)(1)(b)**

A search warrant was executed at Tzannos's residence at 381 Winthrop Street in Winthrop, MA on August 28, 2003. A copy of the search warrant, application, affidavit, and return are enclosed. We have also enclosed a 2-page MSP Special Services Section ("SSS") Evidence Log concerning items seized pursuant to this warrant.

C.  **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

F.  **Identifications under Local Rule 116.1(C)(1)(f)**

I have no information indicating that the defendant Tzannos was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting,

used in or memorializing the identification procedure.

G.  **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.  The government is unaware that any of its named case-in-chief witnesses has a criminal record.

5.  The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6.  No named percipient witness failed to make a positive identification of a defendant with respect to the crime at issue.

H.  **Other Matters**

We have also enclosed for your review copies of:

(1) MSP fingerprint card for Defendant Tzannos; and

(2) East Boston District Court Application for Complaint arising out of Defendant Tzannos's August 28, 2003 arrest.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local

4

Rule 116.1(D).

    The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

    Please call me at (617) 748-3151 if you have any questions.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

            By:      /s/ Colin Owyang
                   COLIN OWYANG
                   Assistant U.S. Attorney

enclosures

cc: Mr. Thomas Quinn
    Clerk to the Honorable Judith G. Dein
    (w/o enclosure(s))