UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>-v.- )<br>)<br>**GREGORY F. TZANNOS,** )<br>a/k/a **GREGORY F. TZANNAS,** )<br>)<br>**Defendant.** ) | **Criminal No. <u>04-10193-JLT</u>** |

### <u>GOVERNMENT'S ASSENTED TO MOTION FOR A STATUS CONFERENCE</u>

The government hereby requests that the Court schedule a status conference in this case.

As reflected by the docket sheet, defense motions in this case were originally due on January 18, 2005, which was then extended to February 8, 2005. On February 8, 2005, the defendant sought a further extension until February 15, 2005 to file motions.

On February 9, 2005, the Court noticed a pretrial conference for February 23, 2005. However, on February 15, 2005, defendant Tzannos filed a motion for a *Franks* hearing, and on February 17, 2005, the Court cancelled the February 23, 2005 pretrial conference. The Court stated, as set forth in the docket sheet, that "A motion hearing will be scheduled at some future date."

Since that time, the Government filed a memorandum on March 1, 2005, opposing Tzannos's motion for a *Franks* hearing; Tzannos filed a reply brief on March 9, 2005 (and a corrected reply brief on March 15, 2005); and the Government filed a memorandum in response to the defendant's reply brief on March 16, 2005. The Court has not announced a decision on Tzannos's motion for a *Franks* hearing, and has not scheduled oral argument on the motion.

Therefore, the Government requests a status conference to determine whether there are additional issues that need to be briefed for the Court, or whether the Court wishes to hear oral argument on the defendant's motion for a *Franks* hearing.

I have spoken with Richard M. Egbert, Esq., counsel for defendant Tzannos, who assents to the motion for a status conference, but requests that the status conference not be scheduled for a few weeks, since he is on trial before Judge Woodlock in another case. The parties agree that a Speedy Trial Act exclusion would be appropriate because the ends of justice served by the proposed continuance outweigh the best interest of the public and the defendant in a speedy trial due to the unavailability of the defendant's counsel.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By: *[signature]*
          MICHAEL L. TABAK
          Assistant U.S. Attorney

Date: May 25, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient Postage for delivery:

>Richard M. Egbert, Esquire
>Patricia A. DeJuneas, Esquire
>99 Summer Street - Suite 1800
>Boston, MA 02210
>Phone No. 617-737-8222 Fax No. 617-737-8223

This 25th day of May, 2005

>Janice Braccini
>*Janice Braccini*
>Legal Assistant