## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | )    **Criminal No. 04-10193-JLT** |
| **-v.-** | ) |
| | ) |
| **GREGORY F. TZANNOS,** | ) |
| **a/k/a GREGORY F. TZANNAS,** | ) |
| | ) |
| **Defendant.** | ) |

### GOVERNMENT'S PRE-HEARING MEMORANDUM

The government respectfully submits this memorandum in compliance with the Cou directive that the parties submit memos prior to the *Franks* hearing scheduled for September 2005.

### Background

The indictment in this case charges defendant Gregory Tzannos, a previously convicted fel with possession of firearms -- namely, a New Baker double-barreled shotgun, a Raven Ar .25 caliber semiautomatic handgun, and a Colt .38 caliber revolver -- and ammunition in connect with another felony, in violation of Title 18, United States Code, Section 922(g)(1). *See also* U.S.C. § 924 and U.S.S.G. § 2K2.1.

Tzannos was discovered in possession of the weapons and ammunition when 1 Massachusetts State Police ("MSP") executed a search warrant at his home in Winthrop.

### The *Franks* Motion and Tzannos's Burden of Proof

Before the Court is Tzannos's motion, filed pursuant to *Franks v. Delaware*, 438 U.S. 1 (1978), in which Tzannos claims that MSP Trooper Pasquale Russolillo knowingly and intentiona made false statements that were material to probable cause in the search warrant affidav

In particular, Tzannos asserts that Trooper Russolillo "fabricated the very existence of    e
confidential informant" and "intentionally and falsely ... lied about CI-1's very exister    "
(Defendant's "Motion for Franks Hearing," at 2, 10).

Defendant Tzannos has the burden of proving, by a preponderance of the evidence,    t
Trooper Russolillo perjured himself in the search warrant affidavit by telling the court abo    a
confidential informant who did not exist. *See Franks*, 438 U.S. at 156. In order to satisfy his bur    1
of proof, Tzannos must overcome the "presumption of validity with respect to the affid    t
supporting the search warrant." *Franks*, 438 U.S. at 171.

Tzannos cannot meet his burden of proof. To the contrary, the government is prepare    ·
demonstrate to the Court, in an *ex parte*, *in camera*, sealed proceeding, that Tzannos's allegati
are false, and that Trooper Russolillo provided accurate information that he had in fact received fi
a specific confidential informant.

## DISCUSSION

### 1. Tzannos's Franks Motion Should Be Denied Without Any Further Hearing

The government respectfully refers the Court to its briefs dated March 1, 2005 and Ma
16, 2005 (attached hereto as Exhibits A and B), in which the government explained why this Co
should deny Tzannos's *Franks* motion without an evidentiary hearing, due to Tzannos's failure
make the "substantial preliminary showing" that the Supreme Court has held is a prerequisite to a
such hearing. *See Franks v. Delaware*, 438 U.S. 154, 155-56, 171 (1978).

## 2. The Identity of CI-1 Must Not Be Publicly Disclosed

The use of informants is a traditional and important means of detecting crime and develo    g

the evidence necessary to prosecute criminals successfully. The Supreme Court has long recogn    d

that confidentiality is critical to developing informants:

> What is usually referred to as the informer's privilege is in reality the
> Government's privilege to withhold from disclosure the identity of
> persons who furnish information of violations of law to officers
> charged with enforcement of that law. The purpose of the privilege
> is the furtherance and protection of the public interest in effective law
> enforcement. The privilege recognizes the obligation of citizens to
> communicate their knowledge of the commission of crimes to
> law-enforcement officials and, by preserving their anonymity,
> encourages them to perform that obligation.

*Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted).

Moreover, "although the Due Process Clause has been held to require the Governmen

disclose the identity of an informant at trial, provided the identity is shown to be relevant and hel̦

to the defense [citing *Roviaro*], it has never been held to require the disclosure of an informal

identity at a suppression hearing." *United States v. Raddatz*, 447 U.S. 667, 679 (1980), cit

*McCray v. Illinois*, 386 U.S. 300 (1967). *See also United States v. Jackson*, 918 F.2d 236, 240

(1st Cir. 1990).[1]

In *McCray*, in turn, the Supreme Court quoted approvingly from New Jersey Chief Just

Weintraub's opinion in *State v. Burnett*, 42 N.J. 377, 201 A.2d 39 (NJ 1964), including

following:

---

[1] The government would not be required to disclose CI-1's identity even at a trial of t
case. Tzannos has been charged, in this one-count indictment, with being a felon in possession
weapons and ammunition. Tzannos has proffered no evidence or reason to believe that CI-1 help
Tzannos commit the charged crime or that CI-1 could furnish any evidence that could exculp;
Tzannos of that crime. *Compare Roviaro, id.* at 61-65.

> [W]e accept the premise that the informer is a vital part of society's defensive arsenal. The basic rule protecting his identity rests upon that belief.
>
> * * *
>
> We must remember also that we are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society's need for the informer privilege. Here, however, the accused seeks to avoid the truth. The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment. If the motion to suppress is denied, defendant will still be judged upon the untarnished truth.

386 U.S. at 307. The Supreme Court went on to explain:

> What *Roviaro* ... makes clear is that this Court was unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials. Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake. Indeed, we have repeatedly made clear that federal officers need *not* disclose an informer's identity in applying for an arrest or search warrant.
>
> * * *
>
> In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search.

*Id.* at 311-12.

Further, the Supreme Court "has long held the view that *in camera* review is a higl appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. Unit States District Court*, 426 U.S. 394, 405-06 (1976) (citations omitted).

The First Circuit has specifically approved the use of an *ex parte*, *in camera* hearing in w      h

the District Court takes testimony from a law enforcement officer who has been accused in a *Fr.*    s

motion of having lied about the existence of a confidential informant. *United States v. Southard*,    0

F.2d 1, 10-12 (1st Cir.), *cert. denied*, 464 U.S. 823 (1983). *See also United States v. Cummins*,    2

F.2d 98, 103-04 (6th Cir. 1990); *United States v. Higgins*, 995 F.2d 1 (1st Cir. 1993).

Accordingly, there is no reason why CI-1's identity should be disclosed to Tzannos (o1    з

public) in this case.

### 3. The Government Is Prepared to Make *Ex Parte, In Camera* Disclosures

The government is prepared to satisfy the Court *in camera*, in a sealed, *ex parte*, proceed    ,

that Trooper Russolillo's search warrant affidavit was truthful and that CI-1 is a single human b(    ;

who provided the information stated in Trooper Russolillo's search warrant affidavit.

In particular, the government is prepared to provide the following evidence to the Cou1    ι

an *ex parte*, *in camera*, sealed proceeding:

♦       testimony from Trooper Russolillo revealing to the Court the identity of CI-1;

♦       tape recordings seized (pursuant to search warrant) on August 28, 2003, fi

defendant Tzannos's residence, of telephone conversations between CI-1 and Tzannos, corroborat

allegations in Trooper Russolillo's search warrant affidavit; and

♦       written records seized (pursuant to search warrant) on August 28, 2003, fr

defendant Tzannos's residence, of bets placed by CI-1 with Tzannos, corroborating allegation:

Trooper Russolillo's search warrant affidavit.

As set forth above, the First Circuit has specifically approved the taking of *ex parte*,

*camera* testimony in this context.

#### 4. No Public Evidentiary Hearing Should Be Held on Tzannos's *Franks* Motion

No useful purpose would be served by a public hearing in this matter, because the   y
factual issue to be decided by the Court on the pending motion is whether Trooper Russc   o
"invented" a confidential informant who did not exist.

The undersigned government counsel is not authorized to disclose CI-1's identity pub   y
in this case without the express approval of the Assistant Attorney General in charge of the Crim   l
Division of the Department of Justice or his designee, or the Deputy Attorney General or   s
designee.[2] *See* 28 C.F.R. §§ 16.26(b)(4), 16.27 (2005); *see also* Federal Rules of Evidence, F   :
501. Nor would it be appropriate for the government to publicly disclose any information that cc   l
assist Tzannos in determining CI-1's identity.

However, as stated above, the government is prepared to provide the Court with *ex parte*
*in camera* testimony under oath from Trooper Russolillo -- a procedure that the First Circuit
explicitly approved -- providing the Court with the identity of CI-1 and with corroborating recor
and documentary evidence, thereby enabling the Court to decide this motion without any pul
evidentiary hearing.

---

[2] 28 C.F.R. § 16.26(b)(4) provides: "Among the demands in response to which disclosi will not be made by any Department official are those demands with respect to which any of t following factors exist: ... Disclosure would reveal a confidential source or informant, unless t investigative agency and the source or informant have no objection." Both CI-1 and t Massachusetts State Police object to such disclosure. While the applicable regulations give t Deputy Attorney General the authority to approve disclosure should the administration of justice require, government counsel has no reason to believe such authorization would be forthcoming this case.

## Conclusion

The Court should deny Tzannos's *Franks* motion without any type of evidentiary hea ;,

because Tzannos has failed to satisfy the requirement of making a substantial preliminary show ₃

that Trooper Russolillo perjured himself in the search warrant affidavit.

Alternatively, if the Court feels it necessary to hear evidence, the Court should take testim ₁

from Trooper Russolillo in an *ex parte* and *in camera* proceeding, and should then deny Tzann ;

motion on the merits.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     *Michael K. Tabak*

MICHAEL L. TABAK
Assistant U.S. Attorney

Date:   September 23, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the per    ו
listed below a copy of the foregoing document by depositing in     ﬤ
United States mail a copy of same in an envelope bearing sufficie    ⁚
postage for delivery:

        Richard Egbert, Esq.
        99 Summer Street, Suite 1800
        Boston, MA 02110

This 23rd day of September, 2005.

                        _Shauna Neuhauser_

                        Shauna Neuhauser
                        Legal Assistant