UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10193-JLT |
| ) | |
| GREGORY F. TZANNOS, ) | |
| a/k/a GREGORY F. TZANNAS, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S SUBMISSION ON MOTION TO SUPPRESS

At a *Franks* hearing that began at 10:30 a.m. this morning this Court rejected the government's request to introduce dispositive evidence *ex parte* and *in camera*, and also refused to receive a one-sentence statement from government counsel, *ex parte* and *in camera*, which would clearly explain why the Court's proposed procedure for the hearing would result either in a substantial risk that the confidential informant ("CI-1") would be killed in reprisal, or that the Court would be left in the position of deciding the *Franks* motion based on false, incomplete, and/or misleading evidence.

Given that the confidential informant will not be a witness at trial and is not a percipient witness to any of the events that will be at issue in the trial, it is particularly inappropriate to require disclosure here.  In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the continuing vitality of the so-called "informer's privilege," noting:

1



> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

353 U.S. at 59.

While the Supreme Court held that, where the informant was the sole participant in the offense charged other than the defendant, the privilege had to give way, this plainly is not such a case, and instead is a case in which the privilege should be preserved.

Accordingly, the Court should reconsider its directive about proceeding in open court.

The government respectfully requests that, in the event the Court denies the government's motion to reconsider or, on reconsideration, adheres to its rulings, the Court enter an order suppressing the fruits of the search conducted pursuant to the search warrant. The case implicates the legitimate concerns of the government to protect the identities of confidential informants. The government respectfully submits that this is a matter that should be presented to the First Circuit.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court reconsider its ruling regarding proceeding in open court and, on reconsideration, permit the

2

government to proceed *in camera* and *ex parte*. In the alternative, the government respectfully requests that the Court enter an order suppressing the fruits of the search so that the issues discussed herein can be raised in the First Circuit. The government is prepared to accept suppression of the fruits of the search as a final order in this case without moving to reopen the evidence should the defense prevail on appeal.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: _____
     Michael L. Tabak
     Assistant U.S. Attorney
     Joseph J. Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3100

Dated: September 28, 2005

CERTIFICATE OF SERVICE

Suffolk, ss.                                   Boston, Massachusetts
                                               September 28, 2005

    I hereby certify that a true copy of the foregoing was served by hand upon counsel for the defendant, Richard Egbert, Esq.

*[signature]*
Michael L. Tabak
Assistant U.S. Attorney